ELMER GREEN v. STATE.

No. A-4504.    Opinion Filed Aug. 9, 1924.

(227 Pac. 907.)

(Syllabus.)

1.    Appeal and Error—Where no Briefs Filed, Appeal Assumed Without Merit. Where no briefs are filed, the court may assume that the appeal is without merit.

2.    Intoxicating Liquors—Evidence Sustaining Conviction of Unlawful Manufacture. The evidence is sufficient to support the verdict, and the record shows that defendant was in all essential particulars afforded a fair trial.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Elmer Green was convicted of the unlawful manufacture of whisky, and he appeals. Affirmed.

E. T. Barbour and E. C. Patton, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J. Elmer Green, plaintiff in error, defendant below, was by information charged with manufacturing whisky illegally. At the trial, by the verdict of a jury, he was found guilty as charged, with his punishment fixed at confinement in the county jail for a period of six months and to pay a fine of $500.

The testimony indicates that on the night of October 8, 1922, at a secluded spot on a farm in Canadian county, the defendant and Ed Neivar and another were operating two stills. A rural mail carrier, some neighbor farmers, and an officer, seven persons in all, watched the operation of these stills for a period of two or three hours, and at about 1 o'clock a. m. they surrounded the place and effected the arrest of the accused.

According to the state's witnesses the defendant offered to pay them money if they would give him his liberty. At that time defendant declared that he had no connection with the operation of the stills, and that he had just arrived to have a business conference with Ed Neivar; that Neivar's wife had directed him where to find Neivar, and that he had gone to the spot where he was arrested for that purpose. At the trial the defendant, testifying in his own behalf, denied that he ever made the statement concerning his presence at the still as stated by the state's witnesses, and denied that he had offered them money to let him go. He stated at the trial that he went to this place early in the evening to buy a gallon of whisky, and remained there awaiting the process of distillation until past midnight and up to the time of his arrest.

Defendant's explanation was contrary to reason and contrary to the facts as related by the several state's witnesses; it is not surprising that the jury did not believe him. Defendant admits, and the records of this court show, that this was not his first violation of the prohibitory law.

Defendant has filed no brief supporting his appeal. We assume, therefore, that the appeal has been abandoned. However, we glean from the record that he was afforded a fair trial, and that the penalty assessed by the jury was under the circumstances justified.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.